**Below is an order of the Court.**

**U.S. Bankruptcy Judge**

D7C (9/28/21)

**UNITED STATES BANKRUPTCY COURT
District of Oregon**

In re
 **Haley Elizabeth Keeler,** xxx–xx–2919
Debtor(s)

) Case No. **23–60763–pcm7**
)
) CHAPTER 7 ORDER DISCHARGING
) DEBTOR(S), DISCHARGING TRUSTEE,
) AND CLOSING CASE
)
)

The court finds the debtor filed a petition under title 11, United States Code, on 5/3/23 and the trustee has filed a report of no assets and performed all other administrative duties as required and, therefore,

IT IS ORDERED that:

1. Pursuant to 11 U.S.C. § 727, the debtor is hereby granted a discharge.

2. All creditors are prohibited from attempting to collect any debt that has been discharged in this case.

3. The trustee is discharged as trustee of the debtor's estate.

4. This case is closed.

###

**Explanation of Bankruptcy Discharge in a Chapter 7 Case** (the following information provides a general explanation and does not constitute an order of the court):

A chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt covered by the discharge. Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtor's personal liability for debts owed before the debtor's bankruptcy case was filed. Also, if this case began under a different chapter of the Bankrupcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

No one may make any attempt to collect a discharged debt from the debtor personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorneys' fees.

Moreover, in a case involving community property, special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

Page 1 of 2

However, not all debts are discharged. Some of the common types of debts that are not discharged are:

   (a) debts covered by an enforceable reaffirmation agreement;

   (b) debts for domestic support obligations;

   (c) debts for most student loans;

   (d) debts for most taxes;

   (e) debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

   (f) debts for most fines, penalties, forfeitures, or criminal resititution obligations;

   (g) some debts which the debtor did not properly list;

   (h) debts for death or personal injury caused by operating a vehicle while intoxicated;

   (i) debts for certain types of loans owed to pension, profit sharing, stock bonus or retirement plans; and

   (j) debts to a spouse or former spouse for property settlement.

Additionally, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

Furthermore, per 11 U.S.C. § 524(f), a discharge order does not prevent debtors from paying any debt voluntarily, and this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**Page 2 of 2**